## MITCHELL v. STATE.

### Opinion delivered June 8, 1908.

1. HUSBAND AND WIFE—ESTOPPEL OF WIFE TO CLAIM PROPERTY.—Where a married woman permits her husband to hold her chattels out as his own, she will be estopped, as against his creditors, to claim them as hers. (Page 488.)

2. SAME—EVIDENCE OF OWNERSHIP.—In a suit between a married woman and her husband's creditors over property claimed by her in her own right and by them in the husband's right, testimony that the husband offered to sell witness some of the property was admissible in connection with evidence tending to show that the wife permitted her husband to use the property as his own. (Page 488.)

3. APPEAL—WAIVER OF OBJECTION.—An objection to testimony is waived by failure to set it up in the motion for new trial. (Page 489.)

4. SAME—INVITED ERROR.—Where appellant first introduced incompetent evidence, she cannot complain because the court permitted appellee to introduce evidence of the same character in rebuttal. (Page 489.)

5. TRIAL—TIME OF ARGUMENT.—It is within the trial court's discretion to limit the time allowed to counsel for argument. (Page 489.)

Appeal from Pulaski Circuit Court, Second Division, *Edward W. Winfield*, Judge; affirmed.

Action in replevin by Mattie P. Mitchell against Smith & Poe, and Cas Harper, constable, to recover possession of a lot of cattle seized under execution against R. L. Mitchell, plaintiff's husband.

Verdict and judgment in favor of defendants, and plaintiff appealed.

*A. J. Newman,* for appellant.

1.   The jury were prejudiced by the testimony as to the acts of the husband, and rumors in the country as to the ownership of the cattle, etc., all of which were incompetent and objected to. Especially was the testimony as to statements by her husband long before the debt to appellees was created.   66 Ark. 299.

2.   The law presumes the husband to be the agent only of the wife, and not the owner of her property.   Kirby's Digest, § 5227.

3.   The court erred in its instructions 1 and 2.   The issue was as to who owned the property, and not as to the justness of appellee's judgment, or whether her property was scheduled or not. The 2d was misleading and prejudicial.

4.   It was error to limit counsel to fifteen minutes.   33 Ark. 611; Kirby's Digest, § 5226; 21 Cyc. p. 1407 (B.)

*Thomas T. Dickinson,* for appellees.

1.   Appellate jurisdiction is limited to correction of errors.   51 Ark. 146.   Objection not raised below will not be considered.   62 Ark. 554; 70 *Id.* 197; 59 *Id.* 215.   Errors complained of will not be considered unless exceptions are taken at the time in trial court.   44 Ark. 106; 50 *Id.* 348.   A motion for new trial waives all exceptions not expressly embodied in it. 63 Ark. 447; 43 *Id.* 391; 70 *Id.* 427.   A failure to set forth in the abstract the material facts relied on is a waiver of the objections.   74 Ark. 323; 55 *Id.* 547.

2.   If hearsay testimony was admitted, it was invited error, as appellant first introduced evidence as to her husband's statements.   Where a party acquiesces in (or invites) the admission of incompetent testimony, he cannot complain.   50 Ark. 350; 75 *Id.* 257; 80 *Id.* 587; 66 *Id.* 296; 67 *Id.* 47; 66 *Id.* 588; 81 *Id.* 579. When the sufficiency of evidence is questioned, full weight must be given to relevant testimony which would have been excluded had objection been made.   50 Ark. 350; 55 *Id.* 555; 70 *Id.* 120. Where incompetent testimony is selected and invited, but which is

relevant, it becomes competent and legal to sustain a verdict. 81 Ark. 587; 75 *Id.* 257; 51 *Id.* 475; 56 *Id.* 314, 320.

3. The jury are the sole judges of the facts and credibility of witnesses. If there is any legal evidence to sustain the verdict, it will not be disturbed. 79 Ark. 621; 67 *Id.* 401; 57 *Id.* 577; 56 *Id.* 314. The burden was on plaintiff to prove title, for she failed to schedule. Kirby's Digest, § § 5224-6; 77 Ark. 302; 29 *Id.* 277.

4. There must be possession, actual or constructive, to maintain replevin. 8e Ark. 362; 66 *Id.* 135; Cobbey on Replevin, § 423; 24 Am. & Eng. Enc. Law (2 Ed.) 495.

5. Where the answer of a witness is partly competent and partly not, an objection which fails to point out the incompetent part is insufficient. 84 Ark. 377.

6. Other errors complained of were not assigned in the motion for new trial nor copied in the abstract. 79 Ark. 470; 63 *Id.* 447; 50 *Id.* 348.

7. None of the instructions are made grounds in the motion for new trial. 24 Ark. 224; 57 *Id.* 153; 59 *Id.* 5. Nor are the instructions copied in the abstract. 74 Ark. 323; 84 *Id.* 552; 55 *Id.* 548; 83 *Id.* 359; 78 *Id.* 374-428.

8. No objection was made, nor exceptions saved at the time, and no assignment of error in motion for new trial as to the limitation to fifteen minutes of the attorney's argument.

McCULLOCH, J. No exceptions were saved to the giving or refusal of instructions, but it is contended on behalf of appellant that the evidence does not sustain the verdict, and that the court erred in admitting evidence introduced by appellee. The cattle were seized under execution on a judgment in favor of Smith & Poe against appellant's husband. She introduced evidence tending to show that the cattle belonged to her, but we think there was sufficient evidence to warrant a finding by the jury that she had permitted her husband to hold the property out as his own. A finding of that fact called for a verdict against her claim for the property against the rights of creditors. *Driggs* v. *Norwood,* 50 Ark. 42; *Roberts* v. *Bodman-Pettit Lumber Co,* 84 Ark. 227.

Numerous objections are urged against the admission of testimony, but we find that in many instances exceptions were not

properly saved.   We need not discuss them all.   One is that the court permitted a witness for appellees to testify that appellant's husband offered to sell witness some of the cattle.   This testimony was not incompetent, in connection with other evidence tending to show that appellant permitted her husband to use the property as his own.

Frank Nichols, deputy assessor, was permitted to testify that appellant's son listed the property for taxation in the name of her husband, and he was also permitted to exhibit the list. Appellant objected to the introduction of the assessment list, but did not object to other testimony of the witness.   In the motion for new trial she complained of the introduction of the other testimony, but not of the introduction of the assessment list. The objection was not, therefore, properly preserved.

Objection was made to the testimony of witness Dreher as to rumor and neighborhood reputation as to the ownership of the property.   This testimony was incompetent, but appellant had previously introduced testimony of the same kind and can not complain.   She first introduced the issue as to reputation in the neighborhood concerning the ownership of the cattle.   The error was therefore an invited one.   *German-American Ins. Co.* v. *Brown,* 75 Ark. 257.

The court limited the time for argument of counsel to fifteen minutes to the side, and this is assigned as error.   This was a matter within the sound discretion of the court, and no abuse of the discretion is shown.

Judgment affirmed.