CAMMACK *v.* SOUTHWESTERN FIRE INSURANCE COMPANY.

Opinion delivered December 14, 1908.

1. APPEAL AND ERROR—INSTRUCTIONS—NECESSITY OF EXCEPTIONS.—Errors of the court in giving or refusing instructions are waived where no exceptions to the court's action in reference thereto were saved. (Page 506.)

2. SAME—WHEN EXCEPTIONS SAVED.—Exceptions to the action of the trial court in giving or refusing instructions must be saved during the trial and brought upon the record in bill of exceptions, and cannot be saved by merely assigning them as grounds of a motion for new trial. (Page 506.)

Appeal from Ashley Circuit Court; *Henry W. Wells,* Judge; affirmed.

*Jas. C. Norman,* for appellants.

*Greaves & Martin,* for appellee.

HART, J. This suit was brought to recover the sum of five hundred dollars upon a fire insurance policy issued by the Southwestern Fire Insurance Company to A. W. Cammack, and the case is here on appeal from a judgment for fifty dollars in favor of appellants.

The application for the policy describes the building as a one-story frame building, with shingle roof, situated on lot No. eight (rear), block No. five, in the town of Portland, Arkansas, and used as a butcher shop, barber shop and ice house. The policy describes it as a one-story frame building with shingle roof, occupied as a butcher shop, barber shop and ice house, situated on lot eight, block five, town of Portland in Ashley County, Arkansas.

Cammack testified that there were four buildings on this lot: one single-story frame building occupied as a general store; a shed room adjoining it on one side occupied as a barber shop; two box houses on the rear of the lot, occupied as a barber shop, butcher shop and ice house.

The general store and the barber shop adjoining were destroyed by fire, and the buildings on the rear part of the lot were slightly damaged by the same fire.

The point at issue between Cammack and the Insurance Company was that the former claimed that the building adjoining the general store on the side was the one covered by the policy, and the latter contended that the policy was issued on the building on the rear of the lot. Counsel for appellant contends that there was prejudicial error in the action of the court in giving instructions covering this point and in refusing those asked by him.

No exceptions were saved to the action of the court in giving or in refusing instructions. Hence by a familiar rule of practice, the errors of the court in that regard, if any occurred, were waived. *Mitchell* v. *State,* 86 Ark. 486; *Plumlee* v. *St. Louis S. W. Ry. Co.,* 85 Ark. 488; *Missouri & N. A. Rd. Co.* v. *Bratton,* 85 Ark. 326.

It was not sufficient to make the errors assigned grounds of a motion for a new trial, but the exceptions must have been saved during the trial and brought upon the record in the bill of exceptions, which the record shows was not done in this case. The rule is discussed, and our former decisions on it are cited, in the case of *Cox* v. *Cooley, ante* p. 350.

After due consideration of the evidence, we find it sufficient to sustain the verdict.

Finding no prejudicial error in the record, the judgment must be affirmed.