ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY
v. CLEMENTS.

Opinion delivered December 13, 1909.

1.  RAILROADS—NEGLIGENCE.—Proof that an engineer allowed his engine
    to approach a car which plaintiff was loading for a shipper at such a
    speed that he could not check the engine, and thus caused plaintiff
    to be injured, was sufficient to justify a finding of negligence.
    (Page 17.)

2.  SAME—WHEN CONTRIBUTORY NEGLIGENCE FOR JURY.—The question
    whether plaintiff was negligent in remaining in a car when he saw
    that an engine was about to strike it was properly left to the jury.
    (Page 18.)

3.  INSTRUCTIONS—REPETITION.—The refusal to give an instruction which
    was asked by appellant was not error where an instruction given by
    the court specifically covered the same point. (Page 18.)

4.  RAILROADS—NEGLIGENCE.—Where an engineer had reason to believe
    that some one was working in a box car upon a siding, and negli-
    gently ran his engine against such car and caused plaintiff to be in-
    jured, it was not error to refuse to charge that plaintiff could not
    recover unless the engineer "knew" that he was in the car. (Page 19.)

Appeal from Hot Spring Circuit Court; *W. H. Evans*, Judge;
affirmed.

*Kinsworthy & Rhoton, Bridges, Wooldridge & Gantt* and
*James H. Stevenson*, for appellant.

1.  The verdict is not sustained by the evidence. No neg-
ligence is shown on the part of the appellant. On the contrary,
the evidence shows that the engineer proceeded in the usual
manner, gave warning of approach by blowing the whistle at the
place he was required by the rules to do so, and applied the
brakes at the place where he had been accustomed to apply them,
and that the wet condition of the track caused the brakes to
lock. No defect is shown either in the brakes or engine. Ap-
pellee was guilty of contributory negligence in knowingly ex-
posing himself to the danger by remaining in the car and trying
to hold the chairs. 1 Thompson on Negligence, §§ 184, 185, 186.

2.  The court erred in refusing the second instruction re-
quested by appellant. If the employees in charge of the engine
exercised ordinary care and prudence to stop it and make the
coupling, and the striking of the car with unusual force was
due to such a wet and slippery condition of the rails that the
brakes would not stop the engine, then the appellant is not liable.

In the absence of a defect in the brakes, if the failure of the brakes to work was due to the wet rails, then the proximate cause of the injury, recent rain or then falling mist, was an act of God, and no negligence can be imputed to appellant.  1 Cyc. 758.

3.  It was error to strike out from the third instruction requested by appellant the words, "and did not know that plaintiff was in the car where he claims to have been injured," and "even though the car was struck with unusual force."  There was evidence on which to base the instruction as asked, *i. e.,* that the engineer had no notice or knowledge of plaintiff's being in the car, and the fact that he had no such knowledge, and that there were no circumstances as put him on notice of plaintiff's presence there, was a material circumstance to go to the jury in determining whether, on the whole case, his act was negligent.  The unusual force of the impact was not of itself proof of negligence.

*E. H. Vance, Jr.,* for appellee.

If it be true that the rails were wet, the engineer should have gone in on this spur track with his engine under control, instead of going at the unusual speed shown in the evidence. There is nothing on which to base the contention that appellee was guilty of contributory negligence.  He had no intimation that the car was coming, nor did he hear any warning.  Moreover, he had no reason to anticipate danger, but, from the manner in which the cars had previously been handled, had reason to expect no danger.  78 Ark. *22;* *Id. 220.*

McCulloch, C. J.  The plaintiff, a boy sixteen years of age, instituted this action against the defendant railway company to recover damages on account of physical injuries alleged to have been caused by negligence of defendant's servants in the operation of an engine.  Plaintiff was at the time of the injury working for the Ong Chair Factory at Malvern, Ark., and was in a box car situated on a spur track of the defendant running out to the chair factory from the main line of the railroad.  Plaintiff, with another employee of the chair factory, was engaged in loading chairs in the car under the direction of a foreman, and the car was then partly loaded when the engine, with cars attached, backed in on the spur track and bumped against the

car with such violence that plaintiff was knocked down, and the chairs thrown on him, and he was severely injured. Braces to hold the chairs in place were usually put in as the chairs were loaded in the car, but at the time the injury occurred the plaintiff and his companion had not yet had time to brace all the chairs loaded. The foreman informed them that the engine of the local freight train was about to back in on the spur track to do some switching, and directed them to hold the chairs so as to prevent them from falling down. This is what the plaintiff and his companion were doing when the impact came. The engine bumped against this car with unusual force, and both of the occupants of the car were knocked down and injured.

Several witnesses say that the car was bumped along from 90 to 110 feet before it stopped. The engineer testified that he was going at the rate of six or eight miles an hour; that just before reaching the car he applied the brakes to slow up, but that, on account of the rails being moist, the brakes locked the drive wheels and caused the engine to slide. He said this was the cause of his striking the car with such force; that it was a misty day, and that it was not an uncommon occurrence for the brakes of the engine to lock the drive wheels on account of wet rails.

Negligence of the engineer is charged in running the engine with such force against the car in which plaintiff was at work. Defendant denied negligence, and also pleaded contributory negligence of plaintiff in remaining in the car when he knew it was to be switched. Plaintiff recovered $600 damages in a trial before a jury, and defendant appealed.

The evidence, we conclude, is sufficient to sustain the charge of negligence. It is true that the uncontradicted testimony of the engineer was that he applied the brakes in time to slow up the engine before reaching the car in which plaintiff was at work, and that the wet rails caused the brakes to lock the drive wheels and let the engine slide, but the testimony of the engineer also shows that the engine was running at six or eight miles an hour along the spur track when he knew, or had reason to believe, that the condition of the track would prevent him checking the speed on approaching the car. It was not uncommon, he said, for the brakes to lock the drive wheels when the track was moist or wet. He knew that the rails were wet that day.

He knew, or ought to have known, that the car at the chair factory was occupied by men at work loading chairs, and he should not have run in on the track at that rate of speed, or he should have attempted to check the speed before he approached the car. These circumstances warranted the jury in finding that the engineer was guilty of negligence, notwithstanding the fact that when the engine struck the car the drive wheels were locked, so that at that time he could not stop the engine or slow up.

It is insisted that the plaintiff was guilty of contributory negligence in remaining in the car for the purpose of holding the chairs when he knew that the engine was backing against the car. This did not necessarily constitute negligence. It was the unusual force of the impact that caused his injury. If the engine had come back against the car in the usual way for making the coupling, the plaintiff doubtless would not have been injured, for he might have been able to withstand the force of such usual impact. The jury could have so found from the testimony, and the question was properly submitted to them.

Error of the court is also assigned in the refusal to instruct the jury to the effect that if the plaintiff knew of the approach of the engine and remained in the car, he assumed the risk of the danger. This instruction was properly refused. The plaintiff did assume the risk of danger from ordinary jolts or impacts, but not from unusual ones caused by negligence of the servants of the company.

Error is assigned in refusing the following instruction asked by defendant: "2. If you believe from the evidence that the engine which struck the car in which plaintiff claims to have been injured was approaching said car in an ordinarily prudent manner, and that the brake did not take effect, and the speed of the engine could not be sufficiently checked because of wet rails, and that the engineer acted in an ordinarily prudent manner in undertaking to make the coupling with said car, then you are instructed that the defendant is not liable, even though said car was struck with unusual force, and plaintiff injured as alleged, and your verdict should be for the defendant."

Some of the judges are of the opinion that the instruction was misleading, in that the jury might have understood it to mean that, if the brake did not take effect because of the condi-

tion of the wet rail, that would exonerate the engineer from the charge of negligence, even though he could, by the exercise of proper care, have checked the speed of the engine before he went on the spur track and approached the car in which plaintiff was working. Be that as it may, we think that defendant's side of the case was fully presented in the following instruction: "If you believe from the evidence that the servants in charge of the train which caused the injury did what men of ordinary prudence and caution would have done under the circumstances, then the defendant was not guilty of negligence, and is not liable." This instruction referred the jury to all the circumstances proved in the case, and in effect told them that if the engineer did what a man of ordinary prudence and caution would have done under the circumstances, his conduct did not constitute negligence and the company was not liable. This instruction was itself sufficiently specific, and submitted the question of negligence arising from the conduct of the engineer fully to the jury.

Error is also assigned in the ruling of the court in modifying the following instructions asked by the defendant: "3. If you believe from the evidence that defendant's employees gave a signal of the approach of the engine, and did not know that plaintiff was in the car where he claims to have been injured, then defendant is not liable for plaintiff's injuries, even though the car was struck with unusual force, and your verdict should be for the defendant." This instruction was incorrect, and the court properly refused to give it in the form in which plaintiff requested it. The engineer may not have known that any one was in the car at the time, yet he had reason to believe that employees of the chair factory were working there at that time. He had no right under the circumstances to act upon the assumption that no one was there and commit an act of negligence which resulted in serious injury to those at work.

Other errors are assigned, which have been duly considered by the court, but we find that the case was fairly presented to the jury upon legally sufficient evidence. The judgment is correct, and is affirmed.