MISSOURI & NORTH ARKANSAS RAILROAD COMPANY

v. DUNCAN.

Opinion delivered June 17, 1912.

1. RAILROADS—NEGLIGENCE—PERSON LOADING CAR.—Where an employee of a shipper was engaged in loading a freight car at the invitation of the railroad company, and was injured by the car being suddenly moved, the act of the company in moving the car without warning him was negligence, whether the movement was made with unusual force or not. (Page 412.)

2. SAME—PERSON LOADING CAR—DUTY TO WARN.—The duty of the railroad company to give warning to one engaged in loading a car at its invitation is only to exercise ordinary care in respect thereto. (Page 414.)

3. APPEAL AND ERROR—OBJECTION TO INSTRUCTION—SUFFICIENCY.—Where an instruction in a negligence case was erroneous in that it made it the duty of the railroad company to give warning to one engaged in loading a car an absolute one, instead of requiring the exercise of ordinary care, an objection on the ground that failure to give the warning was not an act of negligence, whether defendant exercised ordinary care to give it or not, was insufficient to present the error for review. (Page 415.)

4. RAILROADS—NEGLIGENCE—CONFLICTING INSTRUCTIONS.—In an action by an employee of a shipper to recover for injuries received from the sudden moving of the car which he was loading, an instruction that the only duty required of the defendant railroad company as to giving notice was "to exercise ordinary care in giving the information to the hands in the car" did not conflict with an instruction that it was the defendant's duty to give notice to his hands; the effect of the former being merely to tell the jury the manner in which the notice should be given, and of the latter to tell them that it should be given. (Page 415.)

5. APPEAL AND ERROR—HARMLESS ERROR—ADMISSION OF EVIDENCE.—The admission of evidence, in a personal injury case, that the plaintiff was a married man, having a wife and four children, was harmless where the court told the jury to disregard such testimony, and the verdict was not such as to indicate that they had considered it in fixing the amount of damages. (Page 415.)

Appeal from Searcy Circuit Court; *George W. Reed,* Judge; affirmed.

*Troy Pace, J. Merrick Moore* and *W. B. Smith,* for appellant.

1. The first and third instructions given on the part of appellee were erroneous in· that they authorized a recovery if the jury found either that the coupling was made with unnecessary and unusual force *or* that the appellant failed to give due notice, etc.

There is no absolute duty to bring home actual notice, but a duty only to exercise reasonable care to give notice or warning. The omission of this explanation of the appellant's duty as to notice is not cured by the twelfth instruction given at appellant's request, because the former instructions are in-

consistent and conflicting with the latter.  65 Ark. 65; 96 Ark. 311, 314; 95 Ark. 506; 76 Ark. 224-227.

2.  In cases of this character the admission of evidence as to the size of the plaintiff's family is prejudicial error. 74 Ark. 326, and cases cited; 100 Ark. 526.  The introduction of such testimony, not, as alleged, for the purpose of increasing damages, but for the purpose of showing appellee's mental suffering, a legitimate element of damages, is but a mere contradiction in terms, and an effort to evade the rule. 7 S. W. (Tex.) 77, 78; 43 S. W. 913, 914; 54 Atl. 341; 45 Pac. (Kan.) 61, 62; 41 S. E. (W. Va.) 216, 220; 76 N. Y. 170.

*S. W. Woods,* for appellee.

1.  The instructions objected to are responsive to the pleadings and evidence, and are correct.  Moreover, all the instructions are to be considered together, and, when so considered, it is apparent that the case was presented to the jury as favorably to appellant as it was entitled to have.

2.  No prejudice resulted to appellant by reason of the testimony as to the size of appellee's family.  The court's direction to the jury in effect excluded it; and that it was not considered by the jury is shown by the verdict.

FRAUENTHAL, J.   This is an action instituted by J. C. Duncan to recover from the Missouri & North Arkansas Railroad Company damages for personal injuries which he alleged he sustained on account of its negligence.  The plaintiff was an employee of the Pekin Stave & Manufacturing Company, which was engaged in shipping over the defendant's railroad stave bolts which it obtained along its line.  On the day of the injury, plaintiff was loading stave bolts into a freight car, which was placed by the defendant upon its track at a point between its stations, Alberry and Shirley.  After placing the car at this point, in order that plaintiff and his fellow workmen might load it with stave bolts, the defendant detached the engine and other cars and carried them down the track for several hundred yards.  Some time thereafter, while the plaintiff was in the car stacking the stave bolts, the engine with the other cars attached returned in order to couple to and move it. In doing so it struck the car with force and violence, causing the bolts to fall.  One of these bolts, weighing, as one of the

witnesses estimated, from 75 to 200 pounds, fell on plaintiff's right foot, breaking several of the bones and injuring him painfully and severely. He was confined to his room on account of the injury for more than six weeks, and at the time of the trial his foot was again examined by physicians, amongst whom was one representing the defendant, and there was testimony given by these physicians indicating that the injury might be permanent.

The acts of negligence charged against the defendant consisted, (1) in throwing the engine and cars with unusual and unnecessary force and violence against the car in which the plaintiff was at work, and (2) in backing the engine and cars against this car without giving any warning or notice. The testimony relative to both these alleged acts of negligence is conflicting. On the part of the plaintiff, the testimony tended to prove that the engine and cars backed at a rapid rate of speed and struck the car in which the plaintiff was at work with unusual and unnecessary force and violence, causing the bolts to fall on plaintiff. On the part of the defendant, however, the testimony tended to show that the impact of the car was made in the customary manner and with no more force than was ordinarily incident to making such coupling. The testimony on the part of the plaintiff tended also to prove that no warning signal by bell or whistle, and no notice of any kind, was given by the defendant, or any one, of the approach of the engine and attached cars before the coupling was made. On the other hand, the evidence on the part of the defendant tended to prove that it gave warning by bell or whistle as the engine approached the car, and also that another workman in the car where plaintiff was situated cried out that the engine was approaching to make the coupling and warning the workmen therein. The trial resulted in a verdict in favor of the plaintiff for $800 damages. The defendant seeks by this appeal a reversal of the judgment entered on that verdict upon two grounds: because the court erred, first, in giving certain instructions at plaintiff's request; second, in admitting certain testimony over its objection.

The court charged the jury that, before they would be warranted in finding for the plaintiff in any sum, he must establish by a preponderance of the evidence that he received the

injuries complained of by reason of the negligence of the defendant or its employees in making the coupling, and proceeded to instruct the jury further as follows: "If you should find from a preponderance of the evidence in this case that said coupling was made with unnecessary or unusual force, or that the defendant failed to give plaintiff due notice of making said coupling, and that the plaintiff was injured by reason of the use of unnecessary or unusual force in making said coupling, or on account of defendant's negligence in failing to give plaintiff reasonable notice that said coupling was about to be made, you will find for the plaintiff such damages as he may have established that he sustained on account of such negligence, if any, by a preponderance of the evidence." In another instruction the court charged the jury as follows: "3. I instruct you that the defendant railroad company owed a duty to the plaintiff of using ordinary caution and prudence in protecting him and preventing injury to him while in its cars on its line of road; and if you should find that it failed to give notice that said coupling would be made, or used unusual or unnecessary force in making said coupling, and that the plaintiff was injured thereby, then that would constitute negligence on the part of the defendant."

It is urged by counsel for the defendant that these instructions are erroneous because they charge the jury that actionable negligence resulted either by reason of making the coupling with unnecessary and unusual force or by reason of a failure to give timely notice that the coupling would be made. It is conceded that it would be an act of negligence to make the coupling with unusual and unnecessary force and violence, but it is claimed that it would not be an act of negligence to fail to give notice of the intention to make such coupling if it was made with due care and without any unusual or unnecessary force or violence. We do not think this contention is correct. The plaintiff, with his fellow workmen, was engaged in loading this car with bolts, not only with the knowledge of defendant and those in charge of its train at the time, but at its express invitation and direction. While thus engaged at this work in the car, the defendant owed to plaintiff the duty to exercise reasonable and ordinary care and precaution in the movement of its engine and cars to avoid injuring him. To

exercise ordinary care in moving or interfering with the car in which it knew that plaintiff was at work, it was incumbent upon the defendant to give timely warning or reasonable notice of its intention so to do. In the absence of negligence on the part of the plaintiff, the failure to give such notice or warning of the intended movement of such car was, we think, under the circumstances of this case, an act of negligence, fixing upon the defendant a liability for an injury directly resulting therefrom, whether the impact against the car or the movement thereof was made with unusual and unnecessary force and violence or not. In 3 Elliott on Railroads, § 1265c, it is said: "Shippers and consignees of freight on railroad premises for the purpose of loading and unloading cars are properly there, * * * and the railroad company is bound to use reasonable care to avoid injuring them while so engaged. If such persons, while so engaged and without negligence on their part other than that inattention to their own safety which an absorption in the duties in which they are engaged naturally produces, are hurt by the negligence of the railroad company, they have an action for damages;" and it is further said that it is the duty to warn such shippers or consignees of the intention to switch cars over a track on which their car is placed, and that such persons do not assume the risk of injuries arising from this cause. In the case of *Little Rock & H. S. W. Rd. Co.* v. *McQueeney*, 78 Ark. 22, it was held that where a drayman was engaged in unloading a car upon the railroad company's track, it was the duty of the employee of the company to give notice or warning to the drayman of the approach of a switch train, and a failure to give such timely notice or warning was an act of negligence on the part of the railroad company, subjecting it to liability for an injury consequent thereon. *St. Louis, I. M. & S. Ry. Co.* v. *Clement*, 93 Ark. 15. To the same effect see *Central of Georgia Rd. Co.* v. *Duffey*, 116 Ga. 346; *Louisville & N. Ry.* v. *Smith*, (Ky.), 84 S. W. 755; *Louisville & N. Ry.* v. *Farris*, (Ky.), 100 S. W. 870; *Hadley* v. *L. E. & W. Ry. Co.* (Ind. App.) 46 N. E. 935; 23 Am. & Eng. Enc. Law, 739; 33 Cyc. 811.

It was, however, the duty of the defendant only to exercise ordinary care in giving the warning or notice of the intended movement of the car, and not its absolute duty to give such notice or warning to each person working at such car. The

above instructions were faulty in failing to state that the defendant owed only the duty to plaintiff to exercise ordinary care in giving him notice or warning of the intention to couple to or move the car in which he was at work. The defendant however, in making specific objection to these instructions, did not base it upon that ground, but on the ground that a failure to give the notice or warning was not an act of negligence, whether the defendant did or did not exercise ordinary care to give the notice. The purpose of making an objection specifically to an instruction is to call to the attention of the trial court the exact error complained of, so as to give it an opportunity to correct the instruction in that particular. The defendant did not base its objection to these instructions upon the ground that they should have stated that the defendant was only bound to exercise ordinary care in making the coupling, or to exercise ordinary care in giving notice or warning of the intention to make the coupling. In the absence of an objection to these instructions made specifically upon this ground, the defendant is not in a position to now take advantage of this fault in these instructions, which is really, we think, one of verbiage. *St. Louis, I. M. & S. Ry. Co.* v. *Barnett*, 65 Ark. 257.

It is urged, however, that such specific objection was in effect made by asking and obtaining the following instruction:

"10. The only duty required of defendant company with reference to giving notice of the coupling is to exercise ordinary care in giving the information to the hands in the car," —which, it is urged, is in conflict in this particular with the above instructions given by the court; and they invoke the rule that it is reversible error to give instructions which are in conflict. But we do not think that said instruction asked for by and given on the part of the defendant was in conflict with the above instructions given on the part of the plaintiff. The instruction given on the part of the defendant simply told the jury that, in giving such notice, the defendant was required only to exercise ordinary care in giving the information. The effect of this latter instruction was simply to tell the jury the manner in which the notice required by the instructions given on the part of the plaintiff should be given, and, therefore, was in conformity with them, instead of being conflicting.

During the examination of the plaintiff as a witness, he

was asked by his counsel if he was a married man, to which he replied that he was; he was then asked what family he had, and he answered that his family consisted of a wife and four children. Thereupon the defendant's counsel objected to this testimony, and the court sustained the objection and said to the jury, "You will not consider whether he has a family or not." Counsel for plaintiff then said that he was examining the witness only as to his mental condition and feeling at the time of the injury. Thereupon the court said that the question could be asked for that purpose, "but not for the purpose of increasing the damages at all." It is earnestly contended that the court erred in permitting the plaintiff to give this testimony. In the case of *St. Louis, I. M. & S. Ry. Co.* v. *Adams,* 74 Ark. 326, it was held that in an action for damages for personal injury evidence as to the size of plaintiff's family is incompetent. In the subsequent case of *Chicago, R. I. & P. Ry. Co.* v. *Batsell,* 100 Ark. 526, this ruling was approved and followed. But in each of these cases it was held that where the sole effect of such testimony was to increase the amount of the damages the prejudice arising therefrom could, in a proper case, be remedied and removed by reducing the amount of the damages. The prejudice arising from the error of admitting such testimony, as under the circumstances of this case, consists in the fact that it might enhance the amount of the damages. If, therefore, the jury are instructed not to consider such testimony in determining the amount of the damages, and the verdict returned is not so large as to indicate that such testimony was considered by the jury in fixing the amount, then it necessarily results that no prejudice arose from the error in admitting such testimony. In the case at bar the court at first sustained the objection to this testimony in the presence of the jury, and, in effect, instructed them that they should not consider the fact that plaintiff had or did not have a family, and further instructed them that they should not take such testimony into consideration at all in determining the amount of the damages that should be assessed in event they found that the plaintiff was entitled to recover. We have examined the evidence relative to the character and extent of the injury sustained by the plaintiff, and we do not think that the amount of the verdict returned was excessive.

On this appeal, counsel for defendant have not urged that the amount of the verdict is excessive. Under these circumstances, we are of the opinion that the error in permitting the introduction of this testimony was removed by the admonition given to the jury by the court that they should not consider this testimony in estimating the amount of the damages in event they found that plaintiff was entitled to recover.

Upon an examination of the entire case, we find no prejudicial error committed which would call for a reversal of the judgment.

The judgment is therefore affirmed.

WOOD, J., dissents.