THE ARKANSAS-DENNING COAL COMPANY *v.* YOCUM.

Opinion delivered April 2, 1917.

APPEAL AND ERROR—EXCEPTIONS TO GIVING INSTRUCTIONS.—Exceptions to the action of the trial court in giving or refusing instructions must be made during the trial and brought into the record by bill of exceptions, and can not be reserved by merely assigning them as grounds of a motion for a new trial.

Appeal from Franklin Circuit Court, Ozark District; *James Cochran,* Judge; affirmed.

*J. H. Evans,* for appellants.

It was error to refuse to give the instructions in writing when requested to do so.  Art. 7, § 23, of the Constitution is mandatory, not directory merely.  47 Ark. 407; 34 *Id.* 257; 95 Ind. 170; 51 Ark. 177; 13 *Id.* 705; 72 *Id.* 398; 125 Ark. 248.

*Partain & Crocker,* for appellees.

No prejudice resulted from the failure to reduce the instructions to writing. 47 Ark. 407; 188 S. W. 407; 51 Ark. 181.

No exceptions were saved.

### STATEMENT BY THE COURT.

Various plaintiffs below, appellees here, brought separate suits before a justice of the peace against the defendants on account for labor. Nonsuits were taken in the circuit court in all except six of the cases, and these were consolidated and tried by a jury. After the testimony was adduced tending to support the contentions of the respective parties, the record recites: "The defendants, prior to the giving of the instructions by the court to the jury, asked the court to give the instructions with reference to the body of the case in writing. The court failed to grant said request of defendants and instructed the jury orally over the request of the defendant to instruct in writing. The court required the court stenographer to take down the instructions of the court to the jury which were delivered orally to the jury. The court stenographer took down in shorthand the instructions of the court, but they were not transcribed in longhand by the stenographer and read to the jury by the court. The only instructions given by the court in the case to the jury were oral. The defendant requested certain instructions of the court in writing which were by the court refused."

There was a verdict and also a judgment for the appellees. The second ground of the motion for a new trial is that "the court erred in refusing requests of defendants, through their counsel, J. H. Evans, to reduce his instructions in the case to writing, and erred in giving the instructions orally after being requested by J. H. Evans, counsel for defendants, to instruct in writing." The court overruled the motion.

WOOD, J., (after stating the facts). The appellants contend that the case should be reversed because of the

refusal of the trial judge to give the instructions in writing after being requested to do so by the defendants. The record does not show that any objections were made and exceptions saved to the ruling of the court in refusing the request of appellants to reduce the instructions to writing and in instructing the jury orally.

"Exceptions to the action of the trial court in giving or refusing instructions must be made during the trial and brought into the record by bill of exceptions, and can not be reserved by merely assigning them as grounds of a motion for a new trial." *Cammack* v. *Southwestern Fire Ins. Co.,* 88 Ark. 505; *Plumlee* v. *St. L. S. W. Ry. Co.,* 85 Ark. 488.

The judgment is correct, and it is therefore affirmed.