DeQueen & Eastern Railroad Company *v.* Pigue.

Opinion delivered October 7, 1918.

1. Appeal and error—mode of saving exceptions.—Exceptions to the action of the court in giving or refusing instructions must be made during the trial and brought into the record by a bill of exceptions, and cannot be reserved by merely assigning them as grounds for a motion for new trial.

2. Same—conclusiveness of jury's finding.—A jury's finding upon a disputed question of fact will not be disturbed on appeal.

3. Railroads—duties to persons working on cars.—It is the duty of a railroad company to exercise ordinary care in moving its cars to prevent injury to owners of freight and their employees rightfully engaged in loading or unloading cars.

Appeal from Howard Circuit Court; *J. S. Lake,* Judge; affirmed.

*D. B. Sain,* for appellant.

1. The court erred in its instructions to the jury. Appellee was a mere trespasser. 83 Ark. 300; 88 *Id.* 172; 57 *Id.* 461; 99 *Id.* 422.

2. The verdict is not supported by the evidence.

*W. P. Feazel,* for appellee.

1. No exceptions were saved to the instructions. 114 Ark. 300; 88 *Id.* 505.

2. Appellee was not a trespasser and he was entitled to the exercise of ordinary care on the part of appellant's servants not to injure him. 104 Ark. 409; 93 *Id.* 15.

3. The testimony is abundantly sufficient to sustain the verdict.

HART, J. Harmon Pigue was injured while unloading freight from one of the cars of the DeQueen & Eastern Railroad Co. at Dierks, Arkansas. He alleged that the injuries were sustained on account of the negli-

gence of the railroad company and sued it to recover damages. The case was tried before a jury which returned a verdict in favor of the plaintiff for $350 and from the judgment rendered this appeal is prosecuted.

It is first insisted that the judgment should be reversed because the court erred in giving certain instructions for the plaintiff. No exceptions were saved to the action of the court in giving or refusing instructions, but the alleged errors now complained of were made grounds of the defendant's motion for a new trial. This was not sufficient. Exceptions to the action of the trial court in giving or refusing instructions must be made during the trial and brought into the record by a bill of exceptions, and can not be reserved by merely assigning them as grounds for a motion for a new trial. *Arkansas-Denning Coal Co.* v. *Yocum,* 128 Ark. 291; *Kentucky Military Institute* v. *Cohen,* 131 Ark. 121, and *Cammack* v. *Southwestern Fire Ins. Co.,* 88 Ark. 505.

The only question presented for review on this appeal is the sufficiency of the evidence to sustain the verdict. The circumstances attending the injury as proved by the plaintiff are substantially as follows:

On the day the plaintiff was injured he was engaged in driving a public dray for Ike Garrison. He drove his wagon to the depot at Dierks for the purpose of unloading from the railroad company's cars some angle irons for lintels over some windows. The freight checker of the railroad company pointed out the car in which this freight was and directed them to enter the car and unload the freight. The plaintiff backed his wagon up against the door of the car and got in his wagon for the purpose of receiving the freight and loading it in the wagon as it was handed to him from the car. The consignee of the freight was in the car handing the freight to the plaintiff in the wagon. The car which they were unloading was attached to a local freight train and while they were unloading it the engineer backed the train which caused the wagon in which the plaintiff was standing to turn over and throw him from it whereby he was

painfully injured. The freight train had been backed from the main track onto the house track before they commenced to unload the car. The car however, was still attached to the train. The plaintiff and the consignee of the freight knew that the car was still attached to the train but they were directed to unload it by the freight checker as above stated. The custom was for the consignee or drayman to go to the station agent and pay the freight bill. The station agent would then turn the freight bills over to a helper, called the freight checker, with directions to go and check out the freight. The helper or freight checker would then show the consignee or drayman in what car the freight was and direct them to go in there and unload it. This course was followed on the occasion in question, and the car from which the freight was being unloaded was moved without any warning or signal being given by the employees of the railway company.

It is true that evidence was adduced by the railway company to show that the conductor of the train alone had authority to give persons permission to enter a car attached to his train for the purpose of unloading freight therefrom, but, as we have already seen, this testimony was contradicted by evidence adduced for the plaintiff to the effect that it was the universal custom for the freight agent in person, or through the freight checker, to give persons coming to the depot for freight the right to enter cars for the purpose of unloading the freight, even though such cars were still attached to a freight train. The jury found this disputed question of fact in favor of the plaintiff, and under the settled rules of this court its verdict will not be disturbed on appeal.

The car was moved without any signal or warning to those engaged in unloading the freight from it. It is well settled in this State that it is the duty of the carrier to exercise ordinary care in moving its cars to prevent injury to owners of freight and their employees rightfully engaged in loading or unloading cars. *Missouri & N. A.*

*Rd. Co.* v. *Duncan,* 104 Ark. 409, and *Memphis, Dallas & Gulf Rd. Co.* v. *Yandell,* 123 Ark. 515, and cases cited.

It follows that the judgment must be affirmed.