## ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.* FORBES.

### Opinion delivered February 6, 1897.

DANGEROUS PREMISES—CONTRIBUTORY NEGLIGENCE.—One who enters a freight house by a door 22 inches higher than the platform in front of it and in coming out falls, in consequence of the absence of a step, is guilty of contributory negligence, and is not entitled to recover for the injuries received by the fall.

Appeal from Lonoke Circuit Court.

JAMES S. THOMAS, Judge,

*Dodge & Johnson* for appellant.

Appellee is barred by his contributory negligence. He knew the locus, and knew it was dangerous for him, and not intended for passengers.   60 Ark. 442; 53 Hun, 420; 102 N. Y. 219; 11 Cent. Rep. 206; 137 Pa. St. 352; 39 Fed. 596; 57 Conn. 422; 35 Oh. St. 631; 24 *id.* 638; 25 Mich. 274; 47 Ark. 322; 60 Ark. 110; 58 Fed. Rep. 341; 57 Ark. 78; 55 *id.* 484; 41 Am. & Eng. R. Cas. 185.

*J. E. Hendricks* and *Williams & Bradshaw* for appellee.

There was no contributory negligence *per se.*   He was directed or invited to go where he did by the agent of the company, and was using ordinary care in attending to a lawful business, and the defendant was negligent in sending him over a dangerous place.   The question was properly submitted to the jury, and they have said there was no contributory negligence,  30 N. Y. S. 1077; 10 Wis. 281; 59 Ark. 131; 2 Jaggard, Torts, 976; 59 Ark. 224; 31 S. W. Rep. 72; 60 Ark. 438; 28 S. W. Rep. 54; 106 Mass. 461; Whart. on Negl. secs. 304 to 308; Beach. Cont. Negl. 25, 26, 29, p. 7; 117 U. S. 621; 108 *id.* 288; 13 Pet. 181; 93 U. S. 291; 13 Wall.

401; 17 *id.* 667; 1 Blackst. 39; 12 Wall. 254; 109 U. S. 478; 22 Wall. 341; 128 U. S. 93; 61 N. W. Rep. 313; 1 Sand. Pl. & Ev. 495; 4 Ark. 110; 2 Tidd's Pr. 794; 3 Pet. 96. One who acts under the directions of a conductor is not guilty of such contributory negligence as to bar his right to recover. 49 Ark. 182; 46 *id.* 423; 45 *id.* 256; Whart., Negl. sec. 219; 53 Ark. 466. A man does not take the risk of any danger merely because in a general way he is aware of the causes of such danger. 154 Mass. 60, 65; 27 N. E. Ref. 995; 100 Mass. 156–8; 110 *id.* 131; 131 *id.* 169; 136 *id.* 1–5; 143 *id.* 197; 9 N. E. 608; 18 N. E. Rep. 217; 151 U. S. 73. Nor is previous knowledge of danger conclusive evidence of contributory negligence; defect or damage is not *necessary appreciation of risk.* 2 Jaggard, Torts, pp. 870, 871 and notes, 267, 268 to p. 871 and p. 884 and note 331. It is not contributory negligence to go over a dangerous place or road, if a man of reasonable intelligence would reasonably *believe* that he could go there. 2 Jaggard, Torts, 963, note 629; 38 Minn. 61; 35 N. W. 572; 138 Ill. 465; 28 N. E. Rep. 1091; 29 *id.* 1069; 27 *id.* 161; 12 Q. B. 430–9; 55 N. W. Rep. 819; 58 *id.* 881; 28 N. Y. Sup. 471; 77 Hun, 137; 37 N. E. Rep. 133; 25 At. Rep. 43; 61 N. W. 313; 2 Jaggard, Torts, p. 966, note 635.

BATTLE, J. J. C. Forbes instituted an action against the St. Louis, Iron Mountain & Southern Railway Company for the recovery of damages occasioned by a fall received by him in stepping from the defendant's freight house on to a platform. He recovered a ·judgment for $1,000, and the defendant appealed.

The strongest evidence in favor of appellee upon which the judgment could have been based was his own testimony. He testified in behalf of himself substantially as follows: He was 77 years old. On the 24th day of March, 1894, he went to Austin, in this state, to get a box of strawberry plants which had been sent to

him by express.   He went into the office of the agent of
the express company to pay the charges against the
same, and learned they were $1.95.   He handed the
agent two dollars, and the agent, after going to a safe,
left the office, and appellee, thinking he was going to
get the box of strawberry plants, followed.   The agent
went across the railroad, and as he did so, said to appel-
lee :   "Parson, you will find your box in there," point-
ing to the room of the freight house of appellant.
Appellee entered the house at the open door, which was
proved to be six or eight feet wide, and about twenty-
two inches higher than the platform in front of it.   In
entering he caught hold of the side of the door, and
pulled himself up into the freight house.   Upon this
point he was interrogated and answered as follows :

"Ques.   When you went in, didn't you have to pull
up?  Ans. Yes sir.  Q.   Why did you have to pull up?
A.   Because there was no step there.  Q.  You saw that
fact?  A.   I did not realize it at that time.  Q.   You
had to pull up to get in the freight room because there
was no steps there?  A.   Don't know.  Q.   You sup-
posed that step got there in the meantime?  A.   No sir,
I did not.   I don't remember how I got in."

It was proved that there were no steps there.   He
testified that when he entered, he got his box, and
started to go out the back door, and, finding it closed,
turned to the door through which he had just entered,
and, carrying the box before him, stepped out on to the
platform, and, as he did so, fell, the box falling on him;
and he received the injury of which he complains.
According to his own statement, if it be conceded that
the appellant was guilty of negligence in failing to pro-
vide steps to the door, he was guilty of contributory
negligence, and is not entitled to recover.

The judgment of the circuit court is reversed, and
final judgment will be rendered in favor of appellant.