## ELKINS *v.* MOORE.

Opinion delivered February 5, 1917.

1. APPEAL AND ERROR—DUTY TO EXCEPT TO RULINGS OF TRIAL COURT.—It is the duty of the party aggrieved to except to the rulings of the trial court in admitting or excluding evidence or in giving or refusing instructions.

2. BILLS AND NOTES—VALIDITY—SUFFICIENCY OF PROOF.—In an action on a promissory note, *held*, the evidence warranted a recovery thereon, the same being supported by a valid consideration.

Appeal from Grant Circuit Court; *W. H. Evans,* Judge; affirmed.

*E. M. Ross,* for appellant.

1. The note was a conditional one with an express agreement and understanding which was in parol. The note was not the entire contract and parol evidence to show what the contract was should have been admitted. 55 Ark. 112; 88 S. W. 899; 99 Ark. 223; 71 *Id.* 408; 91 *Id.* 383; 90 *Id.* 426; 100 *Id.* 360.

2. The note was non-negotiable. The court erred in giving the peremptory instruction.

The appellee *pro se.*

1.   No objections were made nor exceptions saved to the instructions or admission of evidence. 81 Ark. 200; 88 *Id.* 505; 85 *Id.* 495.

2.   But if so oral testimony was not admissible. 55 Ark. 112; 100 *Id.* 360; 99 *Id.* 218; 40 *Id.* 120.

3.   The evidence supports the verdict. The note was not a conditional one. 94 Ark. 160; 103 Wis. 87; 3 Wigmore on Ev. 2153. The peremptory instruction was proper.

HUMPHREYS, J.   This suit originated in the court of a justice of the peace in Grant county. It was a suit on a plain note of hand in the sum of $250 brought by appellee against appellant. No defense was made in the J. P. Court. From the judgment by default in favor of appellee, an appeal was prosecuted to the Grant Circuit Court. An answer was filed, in substance, to the effect that the note was executed to indemnify appellee for any loss he might sustain on the sale of stock in the Arkansas Farm Loan & Trust Co. which appellant, through an agent, had sold appellee; that no loss was sustained and that the note had been fully paid. A reply was filed to the answer. The cause was tried on the pleadings and evidence and a verdict rendered in response to a peremptory instruction of the court for $207.50 with six per cent. interest, and judgment rendered accordingly. Appellee asked two instructions, Nos. 1 and 2, each being refused. A motion for a new trial was filed and, omitting caption, prayer and signatures, is as follows:

"Comes the defendant, M. W. Elkins, and moves the court to set aside the verdict of the jury and judgment rendered in this action and grant him a new trial herein, and for cause alleges:

1.   That the court erred in giving plaintiff's instruction No. 1 to the jury, over the objections of the defendant.

2.   That the court erred in refusing to give defendant's Instruction No. 1 to the jury.

3.  That the court erred in refusing to give defendant's Instruction No. 2 to the jury.

4.  That the court erred in allowing the witness J. B. Moore to state over the objections of the defendant that his stock in the Arkansas Abstract Company was not worth fifty cents on the dollar, and that since he had acquired the same offered to sell it at a discount and had offered the defendant twenty-five cents on the dollar to sell the same for him, and in refusing to admonish the jury on the request of the defendant not to consider such testimony.

5.  That the verdict is contrary to law.

6.  That the verdict is contrary to the evidence.

7.  That the verdict is contrary to both the law and the evidence."

The motion for a new trial was overruled and this cause is here on appeal.

No exceptions were saved to the giving of the peremptory instruction nor to the refusal to give instructions Nos. 1 and 2 asked by appellant, nor to the admission of the evidence set out in the fourth ground of the motion for a new trial.

(1)  The necessity for saving exceptions to the action of the court in admitting or excluding evidence, or in the giving or refusal of instructions, has become an established rule of practice and must be adhered to. *White River Ry. Co.* v. *B. & W. Tel. Co.*, 81 Ark. 200; *Cammack* v. *Southwestern Fire Ins. Co.*, 88 Ark. 505; *Plumlee* v. *St. Louis Southwestern Ry. Co.*, 85 Ark. 495; *Mitchell* v. *State*, 86 Ark. 486.

(2)  The only remaining question is whether the verdict is contrary to the law or facts. There is ample evidence of a substantial nature to support the judgment. There was proof of a substantial nature to establish the fact that the note was given in full settlement of all matters in dispute between the parties. There was also sufficient proof to establish that the correct balance due on the note is reflected in the verdict and judgment.

The judgment is in all things affirmed.