AMERICAN RAILWAY EXPRESS COMPANY *v.* HAMMOCK.

Opinion delivered June 19, 1922.

1. APPEAL AND ERROR—INSUFFICIENCY OF ABSTRACT.—Under Rule 9 requiring appellant to file an abstract setting forth the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of all questions presented, where the abstract does not show that exceptions were taken to the overruling of demurrers, to the admission of certain evidence and to the exclusion of other evidence, and to the giving of certain instructions, such questions will not be considered on appeal.

2. APPEAL AND ERROR—INSUFFICIENCY OF ABSTRACT.—Where alleged leading questions complained of were omitted from appellant's abstract, they will not be reviewed.

3. APPEAL AND ERROR—NECESSITY OF EXCEPTIONS.—Where the abstract does not show that exceptions were taken to instructions given by the court, errors in giving them will not be considered.

4. APPEAL AND ERROR—INSUFFICIENCY OF ABSTRACT.—On appeal where the abstract does not show that there was no testimony to sustain the verdict, the ruling of the court in sustaining the verdict will be presumed to be correct.

5. APPEAL AND ERROR—INSUFFICIENCY OF ABSTRACT.—In the absence of an abstract complying with Rule 9, the judgment of the lower court will be presumed correct.

Appeal from Cleburne Circuit Court; *J. M. Shinn,* Judge; affirmed.

*Wm. T. Hammock,* for appellant.

*M. E. Vinson,* for appellee.

WOOD, J. The appellees (plaintiffs below) filed their respective complaints in the Cleburne Circuit Court against the appellant (defendant below) to recover the following sums:

R.   Hammock, for value of carpenter tools and container............................................. $ 90.00

Also damages for alleged delay in transit ...................................................................... 214.69

Aggregating ........................................................ $304.69

M. H. Spurlin, for value of carpenter
tools and container............................................ $ 60.00

Also damages for alleged delay in
transit ................................................................ $152.13
_____

Aggregating................................................ $212.13

Allen Patchell, for value of carpenter
tools and container............................................ $ 85.00

Also damages for alleged delay in
transit .........:.................................................. $152.43
_____

Aggregating................................................ $237.43

To each of these complaints the defendant filed separate demurrers, and the same were overruled. The defendant then filed separate answers in denial and alleging delivery of the tools and containers sued for. The causes were consolidated and tried before a jury on September 21, 1921, on the testimony of the plaintiffs in their own behalf and of G. W. Musick in behalf of the defendant, and resulted in verdicts and judgments in favor of R. Hammock in the sum of $200, M. H. Spurlin in the sum of $150, and Allen Patchell in the sum of $150. On the following day, September 23rd, the defendant filed its motion for a new trial, which was overruled, exceptions saved and noted. Defendant was granted an appeal and given ninety days in which to file a bill of exceptions. The bill of exceptions was filed in due time in the court below, and also a transcript lodged in due time in this court.

Upon the above meagre abstract the appellant contends that the judgments should be reversed for the following errors:

1. That the court erred in overruling the demurrers to the complaint.

2. That the court erred in permitting the plaintiffs, Hammock, Spurlin and Patchell, over objections of defendant, to testify as to special and consequential

damages in expense of travel, board and loss of time incurred by alleged delay in transit of tools.

3. That the court erred in overruling defendant's motion to exclude from consideration of the jury all testimony of the plaintiffs, pertaining to such expenses of travel and board and damage for alleged loss of time consequent upon the delay complained of.

4. That the court erred in permitting plaintiffs' attorneys to lead, over the objection of the defendant, the witness R. Hammock testifying in behalf of himself and other plaintiffs.

5. That the court erred in giving to the jury, over objection of the defendant, plaintiffs' instructions Nos. 1 and 2.

6. That the verdicts are contrary to the law and the evidence, and that the court erred in refusing to set same aside and grant a new trial.

We will dispose of these assignments of error in the order presented.

The appellees contend that none of the alleged assignments of error can avail the appellant, for the reason that the appellant has not complied with rule 9 of this court. The appellees are correct in this contention.

First. Rule 9 of this court requires that appellant shall file an abstract or abridgment of the transcript setting forth the material parts of the pleadings, proceedings, facts, and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of all questions presented to the court for decision. *Jett* v. *Crittenden,* 89 Ark. 349. The abstract does not show that appellant excepted to the ruling of the court in overruling its demurrers.

Second. The appellant next contends that the court erred in permitting appellees to testify as to special and consequential damages, but there is nothing in the appellant's abstract to show that the appellant at the time excepted to the ruling of the court in permitting the in-

troduction of such testimony. *Meisenheimer* v. *State,* 73 Ark. 407; *Commercial Fire Ins. Co.* v. *Belk,* 88 Ark. 506; *American Ins. Co.* v. *Haynie,* 91 Ark. 43.

Third. The appellant also urges that the court erred in overruling appellant's motion to exclude from the jury the testimony of appellees pertaining to expenses of travel, board and damages for alleged loss of time consequent upon the delay complained of. But appellant's abstract fails to show that the appellant excepted to such ruling of the court.

Fourth. The appellant insists that the court erred in permitting plaintiff's attorney to propound leading questions to plaintiff Hammock. We do not discover in appellant's abstract any alleged leading questions propounded by appellee's attorney to the appellee Hammock. There is nothing, therefore, in this assignment that we can review.

Fifth. The appellant predicates error upon the ruling of the court in granting appellees' prayers for instructions Nos. 1 and 2. These prayers are set forth in appellant's brief, which is a sufficient compliance with rule 9 of this court as to the setting forth of these instructions, and the statement that these instructions were given over objection of defendant would also be sufficient to show appellant's objection to the instructions. But neither in appellant's abstract, nor brief, does it appear that the appellant excepted to the ruling of the court in giving the above instructions. If the court erred in granting these prayers for instructions, the error was waived by failure of appellant to save its exceptions thereto. *Plumlee* v. *St. L. S. W. Ry. Co.,* 85 Ark. 488-495.

Sixth. In the last place, appellant urges that the verdict and judgments were contrary to the law and the evidence. Learned counsel for the appellant says "that the verdicts resulted from the error of the trial court in admitting evidence of the special damages without foundation and over objection of the defendant; and by the court's further error in overruling defendant's mo-

tion to exclude such evidence from consideration of the jury." But, as we have already shown, if the court erred in these respects, the appellant does not set forth that it excepted at the time to the rulings of the court in admitting this testimony, or in overruling its motion to exclude the same. Assuming, therefore, as we must, that the appellant waived or abandoned any exceptions to the ruling of the court in admission of testimony tending to show special damages, and, in the absence of any abstract showing that there was no testimony to sustain the verdicts, or that same were excessive, we must presume in favor of the ruling of the trial court that there was testimony to sustain the verdicts.

In conclusion, we are not able to determine from the abstract of appellant, without exploring the record, what were the real issues submitted and determined by the trial court. In the absence of an abstract complying with rule 9 of this court presenting the error for review, we must indulge the presumption that the judgments are in all things correct. *St. L. I. M. & S. R. Co.* v. *Evans,* 80 Ark. 19; *Eddy Hotel Co.* v. *Ford,* 90 Ark. 393; see also *Dobbins* v. *L. R. Ry. & Elec. Co.,* 79 Ark. 85; *Keller* v. *Sawyer,* 104 Ark. 375, and other cases cited in appellees' brief.

The judgments are affirmed.

HART, J., dissents.