MISSOURI PACIFIC RAILROAD COMPANY ET AL. v. LAMB.

4-5018

Opinion delivered April 4, 1938.

*Thomas B. Pryor* and *Harvey G. Combs,* for appellant.

*Shouse & Walker,* for appellee.

McHANEY, J. One of appellant's lines of railroad runs through the village of Bergman in Boone county, Arkansas, where it has a station and station grounds. Some ten years or more ago it constructed a ditch along the north side of said station and grounds in order to prevent the station and grounds from being flooded by heavy rains. The roadway crosses appellant's property about one hundred feet west of its depot and appellant constructed and maintains a bridge over said ditch about fourteen feet wide and some twenty or thirty feet long. Barriers are constructed along said ditch to prevent persons from falling therein and heavy timbers about 8″ by 8″ are laid along the sides of said bridge and extend about six inches above the floor thereof. There are no banisters or guard rails on said bridge. On the night of November 3, 1936, appellee, a long-time resident of Bergman, sixty-nine years of age, thoroughly familiar with the bridge in question and its condition, undertook to cross said bridge in the nighttime, stumbled into one of the large timbers at the side of said bridge and fell off into the ditch, some eight or ten feet below, upon his head, receiving severe and painful injuries. He brought this action to recover damages and charged negligence "in the construction of said bridge without providing suitable guard rails or barriers and in placing a single timber along each side of the bridge." Appellee and his witnesses testified as to the construction of said bridge

by appellant, how long it had been there, to the fact of his stumbling and falling into the ditch and detailing the extent of his injuries. There was no testimony on behalf of appellant, and at the conclusion of appellee's evidence, appellant requested an instructed verdict, but, accor.ling to the record, saved no exception to the failure of the court to give same. Trial to a jury resulted in a verdict and judgment in appellee's favor in the sum of $1,000. Appellant challenged the sufficiency of the evidence in its motion for a new trial, and this is the only error relied upon for a reversal of the judgment. This assignment of error in the motion for a new trial may be considered on appeal even though there was no request for a directed verdict, or if one was requested and no objections made or exceptions saved. *Elkins* v. *Moore,* 127 Ark. 293, 191 S. W. 910; *DeQueen & Eastern Rd. Co.* v. *Pigue,* 135 Ark. 499, 205 S. W. 888; *Cammack* v. *Southwestern Fire Insurance Company,* 88 Ark. 506, 115 S. W. 172.

For the purpose of this opinion, we assume, without deciding, that appellant was negligent in failing to construct banisters or guard rails along the sides of said bridge for the safety of the traveling public, as alleged in the complaint, but we are also of the opinion that the undisputed facts in this case show that appellee was guilty of contributory negligence, which bars a recovery. No person witnessed this accident, appellee's own testimony being as follows: "When approaching the bridge on the north side, I could see a light that was shining inside Butler's Store and I was walking toward the light. I thought the light was in direct line with the bridge and thought I was walking straight up the bridge toward the light, but instead I was walking toward the side of the bridge. When my foot hit the guard rail on the west side, I stumbled over it and fell into the ditch. I did not have any matches with me and no other kind of light. I have walked across this bridge before at night without a light, but this was a very dark night. My eyesight at the time of the accident was good, considering my age." This quotation is taken from his statement made to appellant's claim agent and he testified: "It is pretty correct." It is undisputed that he was thoroughly familiar with this

bridge, having crossed and recrossed it many times for many years, both day and night, and knew that it had no banisters. He had just a short time before crossed the bridge on the south side of the tracks, before he reached the bridge from which he fell, which is the same width and kind of bridge from which he fell. He was just as familiar with it as he was with the north bridge. The fact is, as he says himself, when he reached the second bridge, he was looking at the light in Butler's store and used it for a guide. He attempted to go across without looking carefully where he was walking or without taking any precaution to see whether he was walking across the bridge or walking off the side. Under such circumstances, he must be held to have been negligent and that his own negligence was the proximate cause of his injuries. *St. L., I. M. & S. Ry. Co.* v. *Forbes,* 63 Ark. 427, 39 S. W. 63; *M. P. Transportation Co.* v. *Robinson,* 191 Ark. 428, 86 S. W. 2d 913.

Appellee being guilty of contributory negligence as a matter of law under the undisputed facts, the verdict and judgment are contrary to the evidence, and it follows that the judgment must be reversed and the cause dismissed.