MURRAY v. STATE

5145                          397 S. W. 2d 812

Opinion delivered January 10, 1966.

*Shaver, Tackett & Jones*, for appellant.

*Bruce Bennett*, Attorney General; *Russell J. Wools*, Asst. Atty. Gen., for appellee.

JIM JOHNSON, Justice. This appeal questions sufficiency of the evidence in a conviction for assault with intent to kill.

Appellant Glen Dale Murray was charged by information in Sevier Circuit Court with the crime of assault with intent to kill Chief of Police Elbert "Cotton" Hughes on November 28, 1964. The statement of facts is adopted from the testimony of appellant's witnesses. Appellant had been involved in a family ruckus in Little River County on November 28, 1964. After he returned to Sevier County that day, he planned to go hunting and had two rifles in his car. Leaving a gas station at the intersection of Highways 70 and 71, appellant's car skidded into a ditch on the south side of Highway 70 just west of the intersection. Appellant was trying to extricate his car when the local state trooper, Dale Lemley, saw him and stopped. Lemley had received a call about the Little River County altercation and was told to pick up appellant. Lemley, appellant's witness, testified on cross-examination: "While I was talking to him, Officers Frank Chandler and Kirk Anderson came to the scene. . . .While talking with Glen Dale Murray near the driver's door of the State Police car, Mr. Chandler came there and either told the defendant to come with him, go with him, or that he was under arrest, and grabbed him by the back of the arm. Murray jerked loose and starting jumping around with his fist in the air, and I opened my car and told him to come on and get in. He said, 'The hell with you,' and kicked my door and made a dive for his car and said, 'I've got a loaded 30.06 and I'll kill every God-damned one of you.' That was in the presence of Mr. Chandler, Kirk Anderson, and myself, and Mr. Anderson was close enough to where he could hear it. Cotton Hughes [DeQueen Chief of Police] was coming across the road about that time." Chandler advised Hughes to watch out because appellant had a loaded rifle. Hughes continued across the highway, pulled out his pistol and squatted behind appellant's car just as appellant was coming out of his car with a rifle. Chandler was standing behind

Hughes at the rear of appellant's car. As appellant turned, the rifle angled in the direction of Hughes and Chandler, and Hughes shot at appellant three times, striking him twice. Appellant was shot while in the process of sliding across the seat and before completely disembarking from the car.

Appellant was arraigned on November 30, 1964, and pleaded not guilty. At trial on February 8, 1965, the jury found appellant guilty of assault with intent to kill and fixed his punishment at one year in the penitentiary.

From judgment on the verdict, appellant has prosecuted this appeal contending that there is no evidence that appellant assaulted or intended to assault Chief Hughes.

For affirmance, appellee State urges that appellant failed to save his exceptions. This contention is without merit. The order overruling appellant's motion for new trial states that appellant saved his exceptions. As was said in *Missouri Pac. R. Co.* v. *Lamb*, 195 Ark. 974, 115 S. W. 2d 864, "This assignment of error [sufficiency of the evidence] in the motion for a new trial may be considered on appeal even though there was no request for a directed verdict, or if one was requested and no objections made or exceptions saved." Thus we will review this matter on its merits.

Appellant was tried under Ark. Stat. Ann. § 41-606 (Repl. 1964), "Whoever shall feloniously, wilfully and with malice aforethought, assault any person with intent to murder or kill,. . .shall, upon conviction thereof, be imprisoned in the penitentiary not less than one [1] year nor more than twenty-one [21] years."

This court has had ample opportunity to study and construe this statute. First, let it be observed that it is virtually undisputed that when appellant pulled away from Chandler and started to his car, he threatened to "kill every. . .one of you." The officers testified that

they were acquainted with appellant and there is no contention that appellant did not know they were officers of the law. Certainly from the evidence there was no doubt he knew what they wanted.

> "While intent to kill cannot be implied as a matter of law, it may be inferred from facts and circumstances of the assault, such as the use of a deadly weapon in a manner indicating an intention to kill, or an act of violence which ordinarily would be calculated to produce death, or great bodily harm. In determining whether or not the intent to kill should be inferred, the trier of the facts may properly consider the character of the weapon employed and the way it was used, the manner of the assault and the violence attendant thereon; the nature, extent and location on the body of the wounds inflicted, if any; the state of feeling existing between the parties at and anterior to the difficulty; statements of the defendant, if any; and all other facts and circumstances tending to reveal defendant's state of mind. (Citing cases.) It is not essential that the intent should have existed for any particular length of time before the assault, as it may be conceived in a moment." *Davis* v. *State*, 206 Ark. 726, 177 S. W. 2d 190; *Nunley* v. *State*, 223 Ark. 838, 270 S. W. 2d 904.

Appellant eloquently argues that the state failed to prove a specific intent of appellant to assault Chief Hughes, urging that appellant did not know that Hughes was there. This presented a fact question for the jury, which under proper instructions found him guilty of assault with intent to kill. The jury is the sole judge of the credibility of witnesses and the weight to be given to their testimony. *Herron* v. *State*, 202 Ark. 927, 154 S. W. 2d 351; *Waterman* v. *State*, 202 Ark. 934, 154 S. W. 2d 813.

From a careful review of all the evidence, which discloses the presence on the scene of Chief Hughes

when the threats to kill were made, the close proximity of the parties, the audible warning hollered by Chandler to the chief, ''Look out, he's got a loaded gun,'' and the pointing of the rifle toward the chief, we cannot say that there was no substantial evidence to support the verdict.

Affirmed.